**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Baron J. Williams,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>B.M. Williams, et al.,<br><br>　　　　　　Defendant. | No. CV10-2286-PHX-DGC<br><br>**ORDER** |

Plaintiff Baron J. Williams commenced this action by filing a pro se complaint against Defendant on October 26, 2010. Doc. 1. Plaintiff has filed a motion to proceed in forma pauperis ("IFP"). Doc. 3. The Court will dismiss the complaint without prejudice and deny the motion as moot.

**I.　Dismissal of the Complaint.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under

§ 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983); *see Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (same).  Plaintiffs must provide a statement of the grounds for the Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends[.]").  The complaint alleges violation of Plaintiff's constitutional rights, but does not specify the statutory basis for jurisdiction.  *See* 28 U.S.C. § 1331; 42 U.S.C. § 1983.  Nor does the complaint assert that the parties are citizens of different states.  *See* 28 U.S.C. § 1332(a).  The Court accordingly will dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Franklin*, 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that did not state a federal cause of action); *Kokkonen*, 511 U.S. at 377 (courts must presume lack of jurisdiction until the plaintiff proves otherwise).

The Court also notes that the complaint attempts to address several different alleged wrongs in a single long paragraph.  In any amended complaint, Plaintiff should set forth separate claims in separate counts, identifying the defendant or defendants who are alleged to be liable in each count.

**II.     Leave to Amend the Complaint.**

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  In this case, Plaintiff could cure the jurisdictional defect by asserting claims under federal copyright and patent laws.  *See generally* 17 U.S.C. §§ 501 *and* 35 U.S.C. §§ 271 *et seq.*  The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint that properly invokes this Court's jurisdiction.  Plaintiff shall have until **March 18, 2011** to file an amended complaint.

**III.   Plaintiff's Obligations.**

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.  For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  These pleading requirements shall be set forth in separate and discrete paragraphs.  Rule 8(e) provides that each such paragraph "shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e)(1).  The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."  Fed. R. Civ. P. 84.

The amended complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they are based.  *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  This includes some factual basis for the claims and the specific legal theory supporting each claim.  *See id.*; Fed. R. Civ. P. 8(a)(2).  The amended complaint must also provide a clear statement of this Court's jurisdiction and the relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(1), (3).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

**IV.   Plaintiff's Motion to Proceed In Forma Pauperis.**

Because the complaint will be dismissed for lack of jurisdiction, the Court will deny as moot Plaintiff's motion to proceed in forma pauperis.  Plaintiff may file another motion to proceed in forma pauperis if he decides to file an amended complaint as

permitted by this order.  Plaintiff is advised that his supporting financial affidavit must be complete.  The instant affidavit is not signed by Plaintiff.  *See* Doc. 2 at 1.

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice for lack of subject matter jurisdiction.

2. Plaintiff has until **March 18, 2011** to file an amended complaint.  The Clerk shall terminate this action without further notice if Plaintiff fails to comply with this deadline

3. Plaintiff's motion to proceed in forma pauperis (Doc. 3) is **denied** as moot.

Dated this 24th day of February, 2011.

_____
David G. Campbell
United States District Judge